**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LASA ROBERTSON**                                                                  **PLAINTIFF**

**VS.**                          **CASE NO. 4:06-CV-01727GTE**

**1859 HISTORIC HOTELS, LTD.**                                    **DEFENDANT**

**ORDER REMANDING CASE**

By Order dated January 3, 2007, the Court *sua sponte* raised the issue of whether federal subject matter jurisdiction exists in this action and directed the Defendant 1859 Historic Hotels, Ltd. ("1859") to demonstrate that more than $75,000 was at issue such that it was appropriate for this Court to exercise its diversity subject matter jurisdiction. (See Docket No. 6). Defendant has now responded to the Court's Order. Therein, Defendant contends that the Plaintiff's claims for past and future loss of income, mental anguish, humiliation and embarrassment could provide a basis for a recovery in excess of $75,000. Plaintiff has filed a short response. Therein, Plaintiff's attorney represents that he believes that it was appropriate and credible to seek damages in excess of $75,000 and that he felt it was in his client's best interest to do so.

**JURISDICTIONAL PRINCIPLES**

As the Court noted in its prior Order, a serious issue exists as to whether the allegations in the Plaintiff's Complaint satisfy the $75,0000 amount in controversy requirement for diversity subject matter jurisdiction. The Court is obliged by Article III of the Constitution to ensure that it does not exceed its jurisdiction. Lack of subject matter jurisdiction cannot be waived by the parties, or ignored by the courts, at any stage of the litigation. *Sadler v. Green Tree Servicing,*

*LLC*, 466 F.3d 623 (8th Cir. 2006). Thus, a federal court remains obligated to ensure that subject matter jurisdiction has been properly asserted, regardless of whether the parties raise the issue and even if they consent to a case proceeding in federal court.

In considering its power to hear a case, the Court must acknowledge its lack of jurisdiction whenever "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir.2002) (internal citations and quotations omitted). Further, the Defendant 1859 Historic Hotels, as the party invoking federal jurisdiction, "must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). Finally, the court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

The Court will comment briefly on the Defendant's suggestion that it is being put upon by having to offer proof that more than $75,000.00 is in controversy given the early stages of this litigation and the lack of discovery. Defendant is the proponent of federal court subject matter jurisdiction and as such bears the burden of establishing that diversity jurisdiction exists. Defendant need not "prove" in the traditional sense the value of Plaintiff's claim. Rather, it need only show that Plaintiff's demand for damages in excess of $75,000 reflects a reasonable estimate of the value of her claims.

The Court similarly rejects Defendant's argument that if this Court were to "dismiss as untrue" the Plaintiff's allegation seeking damages "in excess of the amount required for diversity of citizenship cases" that such dismissal "would be akin to stating plaintiff's counsel would be in violation of Rule 11 of the Arkansas and Federal Rules of Civil Procedure for signing and filing a pleading (plaintiff's original Complaint) that is not '"well grounded in fact and . . . warranted by

existing law.'" (Def.'s brief at p. 2, citing Ark R. Civ. P. 11).  Such argument presumes incorrectly that if this Court were to inquire into and reject Plaintiff's valuation of her case for jurisdictional purposes that it would be "dismissing as untrue" Plaintiff's valuation of her case.

Defendant's argument confuses the purpose of Rule 11 and jurisdictional principles. Plaintiff's allegation in her Complaint that she believes her damages exceed $75,000 is not dispositive of the amount in controversy inquiry.  Many claims filed in state court in Arkansas include the language referenced in Arkansas Rule of Civil Procedure 8(a), which specifies that "a demand containing no specified amount of money shall limit recovery to an amount less than required for federal jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount."  Consequently, attorneys are likely to err on the side of including the Rule 8(a) language if there is any possibility that the value of their claims may tip the federal diversity threshold.[1]   However, Rule 8(a) does not dictate federal jurisdiction.  *See Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1067 (2004)("general principles of federal jurisdiction do not allow Rule 8(a) to be dispositive of the amount in controversy for purposes of determining federal jurisdiction.").

Should this Court disagree with Plaintiff's attorney's valuation of this case, this does not mean that Plaintiff's attorney violated his duties under Rule 11 by the value he placed on her case when he filed her Complaint in state court.  Arkansas R. Civ. P. 11 requires that a party have a good faith basis for bringing a proceeding.  The Court questions whether an attorney's valuation of a claim alone could ever constitute a violation of Rule 11, so long as the Complaint itself is well grounded in fact and warranted by existing law.  But, even assuming Rule 11 could be so

---

[1] Following the Arkansas Supreme Court's decision in *Interstate Oil and Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998), it is far less likely that a party's failure to comply with Rule 8(a) will limit his recovery to $75,000.

applied, the fact that Plaintiff's attorney in good-faith believes her case to merit the recovery of more than $75,000 is not necessarily called into question by this Court's independent assessment of the likely value of the case.

In sum, despite the Defendant's protestations to the contrary, there is nothing unusual or unseemly about the Court's examining a plaintiff's allegations to determine if it is more likely than not true that such allegations could result in a recovery in excess of $75,000. The issue is not so much whether the Plaintiff in this case might actually recover more than $75,000, but rather whether the substance of the claim is likely to permit such recovery. "The amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant." *City of University City v. AT & T Wireless Servs., Inc.*, 229 F.Supp.2d 927, 933 (E.D. Mo. 2002).

With such principles in mind, the Court will examine the Plaintiff's Complaint to determine whether the substance of her claim will allow her to recover more than $75,000.

## OVERVIEW OF THE COMPLAINT

Plaintiff alleges that she resided at the Defendant's hotel from July 18, 2005 until July 23, 2005 while undergoing training for her job as a ramp agent for American Airlines. After Plaintiff checked out of the hotel, she discovered that a hotel employee had caused Plaintiff's room account to be billed for a clock radio which the employee claimed was missing from the Plaintiff's room. The amount of the charge was $56.00.

Plaintiff contends that the Defendant thus published a false statement insinuating that she was a thief when it forwarded the Plaintiff's room charges to her employer. Plaintiff also contends that Defendant's employees were negligent in failing to sufficiently investigate the facts and by failing to confront the Plaintiff before writing to American Airlines. American Airlines

paid the $56.00 charge, but it terminated Plaintiff's employment.  Plaintiff seeks an unspecified sum for   damage to reputation, loss of income, severe humiliation and embarrassment, mental anguish, and future loss of reputation and ability to work and earn wages.  Plaintiff's Amended and Substituted Complaint does not request a specific amount, but alleges that she is entitled to be compensated "in an amount in excess of the amount required for diversity of citizenship cases in the U.S. District Court."  (Amended Complaint at ¶ 10).

## DISCUSSION

Plaintiff's claim is for an unliquidated damage sum.  The Defendant must prove by a preponderance of the evidence that the amount in controversy in this case is likely to exceed $75,000.  Plaintiff is asserting that her reputation has been damaged and that she lost her job as a result of this incident.  Plaintiff's annual salary as a ramp agent for American Airlines was $20,000 and included benefits.

A removing defendant may satisfy its burden to show that the plaintiff's claim meets the amount in controversy requirement by presenting decisions rendered in comparable cases.  *See, e.g, Haynes v. Louisville Ladder, supra*, 341 F.Supp.2d at 1069;  *Homan v. Montage Group*, 79 F.Supp.2d 1328, 1339 (S.D. Ala. 1999).  The Court was hopeful that the Defendant would offer verdicts from similar fact patterns, but it has not done so.

Thus, the Court is left to assess for itself the likelihood that Plaintiff's claims will permit her to recover more than $75,000.  Damages to reputation in a defamation case are no longer presumed under Arkansas law.  *United Ins. Co. of America v. Murphy*, 331 Ark. 364, 961 S.W.2d 752 (1998).  Thus, Plaintiff will be required to prove reputational injury in order to recover damages.

There is nothing in Plaintiff's Complaint or any other submissions in this case to suggest

that the harm alleged by Plaintiff is any greater than those suffered in the average defamation or false accusation case. The Court's research suggests that the value of such cases is ordinarily well below the $75,000 threshold. *See, e.g., Johnson v. Lanoix,* 847 So.2d 1283 (La.App. 5th Cir. 2003) (collecting quantum cases). Among those cases cited in the *Johnso*n case is *Thomas v. Busby,* wherein the court awarded only $25,000 to an attorney who was falsely accused of shoplifting and suffered extreme embarrassment over a long period of time.

In *Cunningham v. Skaggs Companies, Inc.*, 729 F.2d 1156, 1156 (8th Cir. 1984), the court, applying Arkansas law, approved a jury verdict awarding $10,000 in damages. The plaintiff, who was employed as a soft drink merchandiser, alleged that he was slandered by the defendant, a customer on plaintiff's route, when the defendant reported to plaintiff's employer that the plaintiff had stolen one or two soft drinks from the defendant's vending machine while there to service the machine. *Id*. at 1157. The defendant admitted that it took the actions without consideration of the possible consequences to the plaintiff's career and well-being. The court further approved the instructions to the jury that it had to find actual malice on the part of the defendant. As the *Cunningham court* noted, "one in [the defendant's position] does have a conditional privilege to communicate with a person's employer regarding shoplifting and other violations, [but] the privilege will be lost if such communications are made with actual malice towards the person being defamed." *Id.*, at 1158 (*citing Bohlinger v. Germania Life Ins. Co.*, 100 Ark. 477, 140 S.W. 257 (1911)). The Arkansas Supreme Court allowed the damage award of $10,000 to stand, finding that it was not excessive.

Defendant argues that "this case has a firm value of $30,000 in lost wages alone." This argument is apparently based upon the contention that the Defendant could be held liable for Plaintiff's loss of income for a year ($20,000) and her benefits totaling $10,000. It seems highly

unlikely that Defendant, for its conduct in sending American Airlines a bill for a missing clock radio, will be held liable for an entire year of Plaintiff's annual income, particularly in light of Plaintiff's duty to mitigate her damages.  But even it were held liable therefore, such damages alone will not satisfy the jurisdictional threshold amount.

The Court recognizes that Plaintiff, if successful, may recover damages for "humiliation" and "embarrassment."  But, it seems highly unlikely that such damages, in the absence of any physical harm, could rise to the level of $45,000, an amount which, if combined with $30,000 for a year of lost wages and benefits, would equal $75,000.

The Court concludes that Defendant has failed to satisfy its burden to establish that the amount in controversy more likely than not exceeds the jurisdictional threshold.  Considering the damages potentially recoverable by Plaintiff, including damages for the loss of her job, a position that paid $20,000 per year, and some sum for compensatory damages due to humiliation and embarrassment, the Court concludes that Defendant has failed to present sufficient evidence that a verdict rendered in favor of the Plaintiff will more likely than not exceed $75,000.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT this case be, and it is hereby, REMANDED back to the state court from which it was removed.  The Clerk of the Court is hereby directed to remand this case immediately.

IT IS SO ORDERED this  1st  day of May, 2007.

> _/s/Garnett Thomas Eisele_____
> UNITED STATES DISTRICT COURT